**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>ABW LLC, ABW VESSEL MANAGEMENT L.L.C., ABW VESSEL MANAGEMENT LTD, OLE AAGAARD-JENSEN, AND WILLIAM WADE WYNN,<br><br>*Defendants*. | **Civil Action No.: 2:23-cv-00433**<br>**Jury Demanded** |

## ORIGINAL COMPLAINT

Plaintiff Deutsche Bank Trust Company Americas, solely in its capacity as Trustee for the holders of the Notes (defined below), files this Original Complaint against ABW LLC ("ABW"), ABW Vessel Management L.L.C. ("ABWVM LLC"), ABW Vessel Management LTD ("ABWVM LTD," and collectively with ABWVM LLC, "ABWVM"), Ole Aagaard-Jensen ("Aagaard-Jensen") and William Wade Wynn ("Wynn") (collectively, "Defendants"), and in support thereof, respectfully pleads as follows:

### I. INTRODUCTION

ABW, by and through its Director Aagaard-Jensen, was engaged by members of an ad hoc committee of holders (the "Noteholders") of 8.375% Senior Secured Notes due 2020 issued by Offshore Drilling Holding S.A. (the "Notes") to provide certain services in relation to an offshore drilling ship named Centenario. The Notes are in default and Centenario required substantial work

1

in preparation for a sale to a third party with the bulk of the sale proceeds to be returned to the holders of the Notes.

ABW received $3,723,934.61 on or before July 2022 as an advance against costs ABW represented that it expected to incur for such services. Unbeknownst to the Noteholders, and in the absence of any legitimate basis for such an action, ABW, acting by and through its Director Aagaard-Jensen, transferred more than $600,000 from this advance to ABWVM LLC and/or ABWVM LTD and its principal Wynn. ABW and its Director Aagaard-Jensen retained the balance of the advance. The anticipated services were not rendered, and demand was made upon Defendants to return the unused funds as "Post-Deposit Amounts." Defendants engaged in a pattern of obfuscation and deceit as a means of retaining funds to which they have no legal claim to possess. After repeated demands for the return of all such funds, Defendants have wrongfully refused and continue to refuse to return the funds, thereby necessitating the filing of this suit to compel their return.

## II. PARTIES

1. Deutsche Bank Trust Company Americas, solely in its capacity as Trustee under that certain Indenture, dated as of September 20, 2013, governing the Notes for the benefit of all holders of the Notes (including the Noteholders), and as Assignee of all claims asserted herein from the Noteholders as Assignor (hereinafter referred to as "Plaintiff") is organized under the laws of State of New York with its principal place of business at One Columbus Circle, New York, NY 10019.  Upon information and belief, Plaintiff is diverse to all Defendants, including the members of ABW, ABWVM LLC, and ABWVM LTD.

2. Upon information and belief, Defendant ABW LLC is organized under the laws of The Bahamas with its principal place of business at 12 B Heavy Industrial Site, Queens Highway,

P.O. Box F-44837, Freeport, Grand Bahamas, Bahamas. Upon information and belief, Aagaard-Jensen is the principal member of ABW. ABW may be served at the office of its registered agent, Dorsette Law Chambers, Suite 4, Bettar Executive Business Center, Coral Road, Freeport, Grand Bahamas, The Bahamas; through its principal member Aagaard-Jensen and/or its affiliate entities, ABWVM LLC and ABWVM LTD; or wherever it may be found.

3. Upon information and belief, Defendant ABW Vessel Management LLC is organized under the laws of Texas, with its principal place of business located at 2355 N. State Line Road, Waskom, TX 75692. Upon information and belief, Wynn is the principal member of ABWVM LLC. ABWVM LLC may be served at the office of its registered agent, Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Pkwy., Suite 400, Austin, TX 78735, through its principal member Wynn, at the offices of the registered agents for its affiliate entities, ABW LLC or ABWVM LTD and/or wherever it may be found.

4. Upon information and belief, Defendant ABW Vessel Management LTD is organized under the laws of the Bahamas, with its principal place of business located at 5 Queens Highway, Freeport, Grand Bahama, Bahamas. Upon information and belief, Wynn is the principal member of ABWVM LTD. ABWVM LTD may be served through its principal member Wynn and/or at the offices of the registered agents for its affiliate entities, ABW LLC or ABWVM LLC, or wherever it may be found.

5. Upon information and belief, Defendant Ole Aagaard-Jensen is not a citizen of New York or Texas. He may be served at P.º del Mar 94, Justo Sierra, 24114 Cd del Carmen, Campeche, Mexico, or wherever he may be found.

6. Defendant William Wade Wynn is an individual resident of Texas and may be served at 2355 N. State Line Road, Waskom, TX 75692, or wherever he may be found.

### III. JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction of this action, personal jurisdiction over Defendants, and venue is appropriate in this district as follows:

   a.  under 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds the sum or value of $75,000.00;

   b.  this court has personal jurisdiction over the Defendants because they transferred funds belonging to Plaintiff to this district and retained the funds to which they had no legal claim despite repeated demands that they be returned;

   c.  venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated in this district.

### IV. FACTUAL BACKGROUND

**A. ABW's Engagement**

8.  Effective as of February 8, 2021, and executed as of June 4, 2021, ABW, a maritime services provider, by and through its Director Aagaard-Jensen, entered into a certain Engagement Letter agreeing to provide the described services to and for the benefit of the Noteholders. A true and correct copy of the Engagement Letter is attached hereto as Exhibit A.

9.  Effective and executed as of October 1, 2021, MFC Services USA LLC ("MFC"), by and through its Director Kristan Marc Bodden ("Bodden"), was engaged by the Noteholders to provide certain enumerated services for the benefit of the Centenario GR Drilling Jack Up Rig ("Centenario") and two other similar vessels.

10. Effective and executed as of May 29, 2022, ABW entered into a Funding Agreement with the Noteholders and MFC allowing for the deposit of funds with ABW by the Noteholders to cover anticipated and approved expenditures relating to the anticipated sale of Centenario and two other similar vessels. A true and correct copy of the Funding Agreement is attached hereto as Exhibit B.

11. The Funding Agreement allowed the Noteholders to "supplement . . . its Deposit Amount or otherwise transfer additional amounts for deposit with ABW ('Post-Deposit Amounts')." *See* Ex. B, Sec. 1(b). The Funding Agreement specifically provides that "[s]uch Post-Deposit Amounts shall be reflected on a form substantially similar to **Schedule III**, and shall become a part of this Agreement upon written confirmation of a Noteholder's deposit of such Post-Deposit Amounts (it being understood that email correspondence shall be sufficient for this purpose) without further amendment of this Agreement." *See id*.

12. Pursuant to the Funding Agreement, ABW agreed "to hold the Deposit Amount and any Post-Deposit Amounts subject to the terms and conditions of this Agreement" and further agreed that ABW "shall not distribute or release the Deposit Amount and/or any post-Deposit Amounts except in accordance with the terms and conditions of this Agreement." *See,* Ex. B, Sec. 1(c).

13. Section 2 of the Funding Agreement provides for the release of Deposit Amounts (as defined in the Funding Agreement) and Post-Deposit Amounts. In relevant part, it states "[u]pon the request of any Noteholder and/or MFC acting on behalf of any Noteholder at any time prior to delivery of [an instruction approving an expenditure and directing release of corresponding amount], **ABW shall, without any further action, notice or approval from any other party, return to such Noteholder the portion of the Deposit Amount and/or any Post-Deposit**

**Amounts deposited with ABW** by such Noteholder in accordance with **Schedule I** or **Schedule III**, respectively . . . ." Ex. B, Sec. 2(e) (first emphasis added).

        **B.**        **Payment to ABW of Deposit Amount and Post-Deposit Amounts**

14.      Beginning in April 2022 through June 17, 2022, ABW issued a series of invoices to the Noteholders and provided wire transfer instructions for the Bank Account Holder "Ole Aagaard-Jensen" and an account maintained at "HSBC New York USA." A summary of the April 13, June 16, and June 17 invoices follows:

    a.    ABW issued an invoice dated April 13, 2022, referencing the "ABW Engagement Letter" and services/expenses incurred in connection with delivery of 400 M3 of marine grade diesel to the La Muralla IV drilling rig ("LMIV") and Centenario for a total charge of $290,295.00, with wire instructions that the payment be made to an account in the name of "Ole Aagaard-Jensen" and an account maintained at "HSBC New York USA." Payment was made to this account as directed without complaint or incident. A true and correct copy of ABW's April 13, 2022, invoice is attached hereto as Exhibit C.[1]

    b.    ABW issued seven invoices dated June 16, 2022, referencing the "ABW Engagement Letter" for costs associated with crew transportation to and from LMIV for a total charge of $2,710.01, with wire instructions that the payment be made to an account in the name of "Ole Aagaard-Jensen" and an account maintained at "HSBC New York USA." Payment was made to this account as directed without complaint or incident. A true and correct copy of ABW's June 16, 2022, invoices are attached hereto as Exhibit D.

    c.    ABW issued invoices dated June 17, 2022, referencing the "ABW Engagement Letter" for costs associated with fuel for LMIV for a total charge of $173,706.43, with wire

---

[1] Plaintiff has redacted all but the last four digits of each relevant bank account, for this and any other relevant exhibits. *See* https://www.txed.uscourts.gov/?q=filing/sensitive-information.

instructions that the payment be made to an account in the name of "Ole Aagaard-Jensen" and an account maintained at "HSBC New York USA." Payment was made to this account as directed without complaint or incident. A true and correct copy of ABW's June 17, 2022, invoices are attached hereto as Exhibit E.(Exhibits C, D and E are collectively referred to herein as the "Initial ABW Invoices").

15.     Subsequent to payment of the Initial ABW Invoices, on July 18, 2022, MFC's Bodden sent an email to certain Noteholders' representatives, their legal counsel and financial advisor Rothschild & Co. representatives tendering a "formal request" for $3.8 million "for Centenario prep and delivery to the buyer." A true and correct copy of Bodden's July 18, 2022, email is attached hereto as Exhibit F. This July 18, 2022, email urgently requesting payment of the $3.8 million was not accompanied by an invoice. Bodden confirmed that "[a]ny expenses not utilized will be returned to the funding members upon delivery." Ex. F. Bodden further advised that "we are under severe time constraints to meet the Aug 15th cancelling date" and that "given the time constraints and difficulties in executing this, immediate funding is required." *Id.* Moreover, Bodden stated "[w]e . . .will utilize the same escrow agreement with ABW (OLE) as we used prior for fuel expenses." *Id.* Accordingly, the Noteholders immediately transferred the requested funds by wire to the account in the name of "Ole Aagaard-Jensen" maintained at "HSBC New York USA" consistent with the parties' established practice in paying the Initial ABW Invoices and as a direct response to Bodden's email.  The advance payments to Aagaard-Jensen tendered pursuant to Bodden's email totaled $3,723,934.61 (the "Post-Deposit Amounts").

16.     Shortly after the Post-Deposit Amounts had been paid, on July 20, 2022, the Noteholders received a series of invoices backdated to July 10, 2022,  totaling $3,808,423.70[2]. A

---

[2] The total amount reflected in the July 10, 2022, invoices exceeded the amount previously paid by wire transfer apparently due to a larger 9.0% Handling Fee in relation to the 7.5% Handling Fee assessed on previous invoices.

true and correct copy of the backdated July 10, 2022, invoices are attached hereto as Exhibit G. For the first time, the wire transfer instructions contained in these backdated invoices were for an account maintained at "JP Morgan Chase Bank, N.A." in the name of Bank Account Holder "ABW Vessel Management LLC." The July 10, 2022, invoices noted that each was in reference to the "ABW Engagement Letter." The ABW invoices sent to certain Noteholders' representatives on July 20, 2022, were issued in connection with the same "formal request" for payment Bodden had previously made in his July 18, 2022, email.

        **C.**        **The Defendants Refuse to Return the Post-Deposit Amounts**

        17.        On or about October 25, 2022, the sale of the Centenario was consummated. As a necessary predicate to the sale, the Centenario required preparation, repairs, transport, and related services to be performed. These were the very same services and costs which formed the basis for the Noteholders' advance payments to ABW and the issuance of the ABW April, June, and July 2022 invoices.

        18.        On or about November 11, 2022, MFC published the "Centenario Advance Account Reconciliation" to certain Noteholders as part of the diligence effort MFC performed during the Centenario sale process. A true and correct copy of the November 11, 2022, Centenario Advance Account Reconciliation is attached hereto as Exhibit H. This report confirms MFC's expense audit and the use of the funds previously advanced by the Noteholders to ABW and reflects that of the total $3,723,934.61 in Post-Deposit Amounts advanced to ABW, $617,649.37 had been previously applied to costs and expenses incurred during the July 24, 2022, to November 8, 2022, timeframe. This reflects that ABW accessed the funds advanced as Post-Deposit Amounts to apply part of them towards expenses incurred in relation to the Centenario sale effort immediately prior to the time that Aagaard-Jensen began telling MFC and the Noteholders that the

funds were *unavailable* due to a "tax problem" Aagaard-Jensen later claimed to exist by virtue of the routine transfer of the funds into the HSBC New York USA account in the name of Bank Account Holder Ole Aagaard-Jensen. *See, infra* ¶ 20.

19. On November 13, 2022, in compliance with Section 1(b) of the Funding Agreement, MFC's Bodden sent an email to Aagaard-Jensen and his assistant, Ana Luisa Lopez Campos ("Campos"), with the subject of "Centenario Advances Funding Notice for July 2022." A true and correct copy of the November 13, 2022, email is attached hereto as Exhibit I. After referencing the Funding Agreement attached to the email, Bodden advised Aagaard-Jensen and his assistant as follows:

> Each Noteholder has supplemented its Deposit Amount by means of wire transfers to ABW in July 2022 in the amounts set forth in **Schedule III** set forth below (the "July 2022 Amounts"). The [Funding] Agreement provides for such amounts to be treated as Post-Deposit Amounts for the purposes of the [Funding] Agreement upon confirmation of the deposit of such amounts.
>
> ABW confirms receipt of the July 2022 Amounts and confirms that such amounts shall be Post-Deposit Amounts for purposes of the [Funding] Agreement. Capitalized terms not otherwise defined herein shall have their respective meanings set forth in the [Funding] Agreement.

Bodden followed this with a chart specifying the Schedule III Post-Deposit Amounts tendered by each Noteholder which totaled $3,723,934.61. *See* Ex. I.

20. As part of the Centenario sale process, MFC engaged in a diligence process to ascertain the ABW invoices issued and the payments advanced to ABW to audit and balance the account and determine the amounts actually incurred and the amount due to be returned to the Noteholders. It was during this process that MFC's Bodden and ABW's Aagaard-Jensen exchanged a series of text messages, the most pertinent of which may be set forth as follows:

a. On or about October 18, 2022, Aagaard-Jensen claimed for the first time that certain of the Post-Deposit Amounts had been sent "to the wrong account, which was [his] personal account which is going to be levied personal income tax."

b. On November 18, 2022, Aagaard-Jensen advised Bodden that "we met with Ernst & Young yesterday ref the tax exposure – We need to present a flow chart that explains the fund movements and purpose – Any money spend in the US will be taxed."

c. On November 28, 2022, Aagaard-Jensen advised Bodden that "we need to wait for Earnest (sic) & Young – I've told you many times now please, it is no help to talk about the same and the same over and over, it gets us nowhere."

d. On December 1, 2022, Aagaard-Jensen advised Bodden that ABW "is a Bahamas LLC using a US bank account."

e. On December 15, 2022, Aagaard-Jensen represented to Bodden that the "money is in the ABW Chase Manhattan bank in Texas which only Wade Wynn can control, neither Ana [Luisa Lopez Campos] nor I have access to transfer" and "Wynn has gone to ground and has not responded to any messages since Thanks Giving."

f. On December 16, 2022, Aagaard-Jensen advised Bodden that "by mistake [the Post-Deposit Amounts] ended up in my account hence the tax problem and then some was transferred from my account to the ABW account in Waskom, Texas" and that "[t]here is around 800k in the ABW account the rest is still in my account. The ABW account is in Waskom, Texas controlled by Wade Wynn who has gone to ground."

g. On December 18, Aagaard-Jensen claimed that he received a "response from E&Y, they are waiting on input from their counterparts in the US" and that "the money was sent to the wrong account and without corresponding correct invoices." On this same date, when

MFC's Bodden reminded Aagaard-Jensen that "[i]n all fairness, this was the same account as was used [for] prior…fundings," Aagaard-Jensen replied that this was "besides the point…."

21. On January 4, 2023, counsel for the Noteholders served a written demand upon ABW, Aagaard-Jensen, ABWVM LLC and Wynn for the immediate return of the Post-Deposit Amounts, estimated at $2.9 million, and a written accounting of all such funds that had been disbursed (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit J. The Demand Letter further referenced Bodden's numerous prior demands for the immediate return of the Post-Deposit Amounts and the concerning fact that "a portion of the funds has been transferred to [ABWVM], under the exclusive control of [Wynn]." Ex. J. It further referenced Aagaard-Jensen's repeated comments to Bodden that "there was a tax issue that was awaiting resolution, but [Aagaard-Jensen] ha[d] not been willing to connect Mr. Bodden to his tax advisors to understand this purported tax issue." *Id.*

22. It was later discovered, after reviewing a series of emails directed from Campos at ABW, to Oscar Villagomez Dominguez of EY Mexico, that not only had there not been any meetings or discussions with EY, or information requests from EY Mexico to ABW about the "tax" issue, but the first time Mr. Dominguez ever responded to ABW was to inform Aagaard-Jensen and his assistant that EY Mexico was reviewing the tax issue for the first time as late as January 4, 2023.[3]

23. Despite the Defendants' receipt of these prior written demands for a return of the Post-Deposit Amounts, only $95,000 of the Post-Deposit Amounts have been returned to Plaintiff by Wynn.

---

[3] This information is taken from an in-house translation of Spanish language emails exchanged between ABW's Aagaard-Jensen, Campos and EY Mexico personnel, including Mr. Dominguez.

11

## V. CAUSES OF ACTION

### A. Breach of Fiduciary Duty (Against Defendants ABW and Aagaard-Jensen)

24. Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

25. ABW and Aagaard-Jensen owed the Noteholders a fiduciary duty.

26. By failing to return the unused Post-Deposit Amounts upon request, ABW and Aagaard-Jensen knowingly breached that fiduciary duty.

27. By transferring some of the Post-Deposit Amounts to Wynn and/or ABWVM in a manner inconsistent with the Funding Agreement, ABW and Aagaard-Jensen knowingly breached that fiduciary duty.

28. As a result of these fiduciary duty breaches, ABW and Aagaard-Jensen proximately caused financial damage to Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

### B. Aiding and Abetting Breach of Fiduciary Duty (Against Defendants ABWVM LLC, ABWVM LTD, and Wynn)

29. Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

30. ABW and Aagaard-Jensen breached their fiduciary duty to the Noteholders.

31. By failing to return the Post-Deposit Amounts upon request, ABWVM LLC, ABWVM LTD and Wynn knowingly participated and provided substantial assistance in the breach of ABW's and Aagaard-Jensen's fiduciary duty to the Noteholders. This proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

C.  **Suit for an Accounting (Against Defendants ABW and Aagaard-Jensen)**

32.  Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

33.  The Noteholders had a confidential and/or fiduciary relationship with ABW and with Aagaard-Jensen respecting property in which Plaintiff has an interest.

34.  By failing to return the unused Post-Deposit Amounts upon request, ABW and Aagaard-Jensen breached the duty imposed by that relationship.

35.  By transferring some of the Post-Deposit Amounts in a manner inconsistent with the Funding Agreement, ABW and Aagaard-Jensen breached the duty imposed by that relationship, which proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

36.  An accounting will provide Plaintiff with knowledge necessary to locate and take appropriate steps with respect to the Post-Deposit Amounts not refunded by Defendants.

D.  **Breach of Contract (Against Defendants ABW and Aagaard-Jensen)**

37.  Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

38.  Effective and executed as of May 29, 2022, ABW entered into a Funding Agreement with the Noteholders and MFC allowing for the deposit of funds with ABW by the Noteholders to cover anticipated and approved expenditures relating to the anticipated sale of Centenario and two other similar vessels.

39.  As summarized above, the Noteholders made numerous payments to ABW of Deposit Amounts and Post-Deposit Amounts, as required by the Funding Agreement.

40.     On numerous occasions from October 2022 to present, the Noteholders and other holders of the Notes requested all unapplied Post-Deposit Amounts be returned to them in accordance with Section 2(e) of the Funding Agreement. ABW and Aagaard-Jensen failed to do so, breaching the Funding Agreement.

41.     Further, ABW and Aagaard-Jensen transferred at least some amount of the Post-Deposit Amounts to ABWVM LLC and/or ABWVM LTD and/or Wynn, in violation of Section 2 of the Funding Agreement. This unauthorized fund transfer constitutes an additional breach of the Funding Agreement.

42.     Due to ABW's and Aagaard-Jensen's breaches of the agreement, ABW and Aagaard-Jensen proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

**E.     Fraud (Against Defendants ABW and Aagaard-Jensen)**

43.     Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

44.     As outlined above, Aagaard-Jensen made several untrue statements regarding his alleged tax liability and the steps he was taking to remedy the tax liability. Although Aagaard-Jensen represented he was taking steps to address the alleged tax exposure (which he claimed prevented him from returning the Post-Deposit Amounts) from November 18, 2022, to December 18, 2022, emails from Campos at ABW to Oscar Villagomez Dominguez of EY Mexico, confirmed that not only had there not been any meetings or discussions with EY, or information requests from EY Mexico to ABW about the tax issue, but the first time Mr. Dominguez ever responded to ABW was to inform Aagaard-Jensen and his assistant that EY Mexico was reviewing the issue for the first time as late as January 4, 2023.

45. Accordingly, Aagaard-Jensen misrepresented to Bodden on at least November 18, 2022, November 28, 2022, December 16, 2022, and December 18, 2022, that an alleged tax problem was affecting the availability of the Post-Deposit Amounts.

46. Aagaard-Jensen did not intend to honor his obligations to return any portion of the Post-Deposit Amounts.

47. Due to ABW's and Aagaard-Jensen's fraud, ABW and Aagaard-Jensen proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

**F.     Conspiracy to Defraud (Against All Defendants)**

48. Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

49. Upon information and belief, and in light of their admitted conduct, ABW and Aagaard-Jensen had an agreement with ABWVM LLC, ABWVM LTD, and Wynn to share in the Post-Deposit Amounts or otherwise transfer money among themselves.

50. By transferring approximately $800,000 from Aagaard-Jensen's personal account to ABWVM's account in Waskom, Texas, which was admittedly controlled by Wynn, Defendants took an overt act in furtherance of that agreement. By retaining the balance of the Post-Deposit Amounts, ABW and Aagaard-Jensen took an overt act in furtherance of the same agreement.

51. Each Defendant intentionally participated in furtherance of the common purpose or plan of sharing in the Post-Deposit Amounts or otherwise transferring money among them.

52. Due to Defendants' conspiracy to defraud, Defendants proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

15

**G.    Money Had and Received (Against Defendants ABW, Aagaard-Jensen, ABWVM LLC, ABWVM LTD, and Wynn)**

53.    Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

54.    Defendants ABW, Aagaard-Jensen, ABWVM LLC, ABWVM LTD, and Wynn received money belonging to the Noteholders.

55.    Defendants ABW, Aagaard-Jensen, ABWVM LLC, ABWVM LTD, and Wynn benefited from receipt of the money and proximately caused financial damage to the Noteholders and other holders of the Notes for which amount Trustee is seeking to recover herein.

56.    Under principles of equity and good conscience, Defendants ABW, Aagaard-Jensen, ABWVM LLC, ABWVM LTD and Wynn should not be permitted to keep the money.

**H.    Unjust Enrichment  (Alternative Relief, Against All Defendants)**

57.    Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

58.    Despite having no legal right to do so, Defendants have retained significant portions of the Post-Deposit Amounts.

59.    Having failed to return the Post-Deposit Amounts in compliance with the Funding Agreement, Defendants have been unjustly enriched in the amount of the unreturned Post-Deposit Amounts.

60.    It is against equity and good conscience to permit Defendants to retain the Post-Deposit Amounts, and Plaintiff, therefore, seeks to recover all such funds herein.

**I.    Abuse of the Corporate Form/Alter Ego (Against Aagaard-Jensen and Wynn)**

61.    Plaintiff repeats and realleges the factual averments in each of the foregoing paragraphs 8 through 23 as if fully set forth herein.

62. Aagaard-Jensen controlled and completely dominated ABW LLC's policies, finances, and business practices associated with its actions surrounding the Funding Agreement and services provided under the Funding Agreement, disbursement of the Post-Deposit Amounts, and failure to return the Post-Deposit Amounts.

63. Aagaard-Jensen used these acts of domination and control to: (i) disburse the Post-Deposit Amounts in a manner inconsistent with the Funding Agreement; (ii) withhold the return of the Post-Deposit Amounts; (iii) direct ABW in a manner that ensured the Post-Deposit Amounts would not be returned; (iv) engage in deceptive business practices that misrepresented the relationship between the Defendants, what Post-Deposit Amounts were needed and for what, and what Post-Deposit Amounts were not used; and (v) engage in business practices that did not allow ABW to operate in good faith under the Funding Agreement.

64. Aagaard-Jensen's control of ABW and the breach of ABW's duties, at his direction and as described herein, are the proximate cause of all of the Noteholders' and other holders' of the Notes injuries and unjust losses.

65. Similarly, Wynn controlled and completely dominated both ABWVM LCC's and ABVWM LTD's policies, finances, and business practices associated with its actions surrounding the Funding Agreement and services provided under the Funding Agreement, disbursement of the Post-Deposit Amounts, and failure to return the Post-Deposit Amounts.

66. Wynn used these acts of domination and control to: (i) withhold the return of the Post-Deposit Amounts; and (ii) direct ABWVM LLC and ABVVM LTD in a manner that ensured the Post-Deposit Amounts would not be returned.

67. Wynn's control of ABWVM LLC and ABVVM LTD and the breach of ABWVM LLC's and ABVVM LTD's duties, at his direction and as described herein, are the proximate cause of the Noteholders' and other holders' of the Notes injuries and unjust losses.

68. Wherefore, Plaintiff requests judgment against Aagaard-Jensen and Wynn declaring each abused the corporate form, and as a result, finding any limitation of liability offered by the corporate form be set aside, and finding (i) Aagaard-Jensen personally liable for ABW's actions and breaches herein, and (ii) Wynn personally liable for ABWVM LLC's and ABWVM LTD's actions and breaches described herein.

## VI. JURY DEMAND

Plaintiff asserts its rights under the Seventh Amendment of the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VII. PRAYER FOR RELIEF AND JUDGMENT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Deutsche Bank Trust Company Americas, solely in its Capacity as Trustee and as assignee of the claims of the Noteholders, prays the Court cite ABW LLC, ABW Vessel Management L.L.C., ABW Vessel Management LTD, Ole Aagaard-Jensen and William Wade Wynn to appear and answer herein, grant Plaintiff all relief sought herein, and award Plaintiff all other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

 */s/ Aaron D. Davidson*
Aaron D. Davidson
State Bar No. 24007080
ADavidson@coleschotz.com
Pekham Pal
NY State Bar No. 5555958
PPal@coleschotz.com
Cole Schotz, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Telephone: 469-557-9391
Facsimile: 469-533-0361

**ATTORNEYS FOR PLAINTIFF DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS TRUSTEE**