IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00433-JRG |
| OLE AAGAARD-JENSEN, | § § § § | |
| *Defendant*. | § | |

## **DEFAULT JUDGMENT**

Before the Court is the Motion for Default Judgment (the "Motion") filed by Plaintiff Deutsche Bank Trust Company Americas, as Trustee ("Plaintiff"). (Dkt. No. 18.) In the Motion, Plaintiff requests that the Court enter a default judgment against Defendant Ole Aagaard-Jensen ("Aagaard-Jensen") in the amount of $3,011,285.24, plus pre-judgment interest pursuant to Federal Rule of Civil Procedure 55(b). (*Id.* at 1.)

The Court held a hearing on the Motion on February 3, 2025, wherein Deutsche Bank appeared through counsel, but Defendant Aagaard-Jensen did not appear. At the conclusion of the hearing, and after having reviewed the Motion, the evidence, the relevant law, and hearing oral argument from counsel for Plaintiff, the Court found that Plaintiff's Motion for Default Judgment against Aagaard-Jensen should be **GRANTED** as to Plaintiff's breach of contract/alter ego and fraud claims. This Order memorializes the Court's rulings as explained from the bench on the record during the evidentiary hearing conducted on February 3, 2025.

Accordingly, the Court enters the Judgment by Default against Aagaard-Jensen as discussed herein.

I.    PROCEDURAL HISTORY

On September 20, 2023, Plaintiff brought this action seeking to recover an overpayment of funds that Aagaard-Jensen received but refused to return. (Dkt. No. 1; Dkt. No. 18 at 1.) In its Complaint, Plaintiff alleged, *inter alia*, claims for breach of contract/alter ego and fraud. (Dkt. No. 1; Dkt. No. 18 at 1.)

On September 22, 2023, a summons was issued against Aagaard-Jensen at the address of P.º del Mar 94 Justo Sierra 24114 Cd del Carmen, Camp. Mexico. (Dkt. No. 3-3 at 1.) Plaintiff attempted to serve Aagaard-Jensen at this address through the Hague Convention. (Dkt. No. 18 at ¶ 3.) After Plaintiff discovered that Aagaard-Jensen had announced on social media that he was moving to Denmark, Plaintiff filed its Motion for Alternative Service of Process Under Fed. R. Civ. P. 4(f)(3) on December 22, 2023. (Dkt. No. 7 at 1.)

Before the Court ruled on the Motion for Alternative Service of Process, Plaintiff voluntarily dismissed Defendants William Wade Wynn and ABW Vessel Management LLC without prejudice. (Dkt. No. 8.) On March 15, 2024, this Court *sua sponte* ordered Plaintiff to file a Notice both describing its efforts to locate Aagaard-Jensen since filing the Motion and informing the Court of any other updates on his whereabouts. (Dkt. No. 11 at 2.) On March 28, 2024, Plaintiff filed its Notice Regarding Service stating that it obtained a process server in Denmark and was informed that no resident in the area had ever heard of Aagaard-Jensen and there were no indications on any mailboxes that Aagaard-Jensen was living there. (Dkt. No. 12.) Plaintiff continued to monitor Aagaard-Jensen's social media activities to ascertain his location as he had been posting periodically on Facebook. (Dkt. No. 12 at 1.)

On April 22, 2024, the Court granted Plaintiff's Motion for Alternative Service (Dkt. No. 7) and ordered Plaintiff to attempt to effectuate service through Aagaard-Jensen's email, Facebook, and LinkedIn. (Dkt. No. 13.) On May 4, 2024, counsel for Plaintiff sent messages to Aagaard-

Jensen via email, Facebook, and LinkedIn. (Dkt. No. 14-1.) Aagaard-Jensen failed to respond by the May 28, 2024 deadline. (Dkt. No. 18 at 2.) After Plaintiff transmitted multiple messages to Aagaard-Jensen, his Facebook page was changed from a public page to private. (Dkt. No. 18 at 2.) On June 18, 2024, the Clerk entered default against Aagaard-Jensen. (Dkt. No. 17.)

On September 24, 2024, Plaintiff filed this Motion requesting that the Court enter default judgment against Aagaard-Jensen on three causes of action: (1) Breach of Fiduciary Duty, (2) Breach of Contract, and (3) Fraud. (Dkt. No. 18 at 4.)

On December 2, 2024, Plaintiff filed a supplemental notice stating that it attempted to serve Aagaard-Jensen through the Hague Convention in Mexico based on social media evidence he was living there, but it was ultimately unsuccessful as its server was informed that they had the correct address but no one named Aagaard-Jensen lived there. (Dkt. No. 19 at 2.)

The Court held a hearing on the Motion on February 3, 2025, wherein Plaintiff appeared through counsel, but Defendant Aagaard-Jensen did not appear. At the conclusion of the hearing, the Court found that Plaintiff's Motion for Default Judgment against Ole Aagaard-Jensen should be granted as to Plaintiff's breach of contract/alter ego and fraud claims. Specifically, the Court found that Aagaard-Jensen was properly served, in default, and the entry of the default by the Clerk administratively was proper. (*See also* Dkt. No. 24-3.) The Court further found that the facts and allegations in the Complaint were admitted by Aagaard-Jensen through his default and that those allegations supported a finding of breach of contract based on an alter ego theory and also a finding of fraud. Furthermore, the Court found that its finding liability as to breach of contract and fraud supported a recovery by the Plaintiff of $3,010,855.41 (*see* Dkt. Nos. 1-9 at 1; 18 at 7; 24-1; 24-2), plus pre-judgment contractual interest at the rate of 8.5 percent in simple interest from November

11, 2022, through the date of judgment along with post-judgment interest at that same contractual 8.5 percent from the entry of judgment until paid.

## II.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion (Dkt. No. 18) is **GRANTED**.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Aagaard-Jensen has defaulted in this case and has consequently admitted the allegations in Plaintiff's Complaint. As a result, Judgment by Default is **GRANTED** in favor of Plaintiff as follows:

1. Aagaard-Jensen is liable to Plaintiff for damages resulting from breach of contract/alter ego and fraud.

**2.** As a result of Defendant Aagaard-Jensen's breach of contract and fraud, Plaintiff suffered damages in the amount of $3,010,855.41.

Accordingly, the Court **ORDERS** that a default judgment be entered against Defendant Ole Aagaard-Jensen in the amount of $3,010,855.41, plus pre-judgment interest at the contractual rate of 8.5%, accruing from November 11, 2022, through the day of entry of final judgment, with the pre-judgment interest rate computed as simple interest rather than compound interest, for a total amount of $597,386.71.  The Court further **ORDERS** that post-judgment interest shall accrue after the date of entry at a rate of 8.5%, computed as simple interest rather than compound interest, for a total of $840.28 per day.  This is a final judgment, and all other relief requested but not granted herein is denied.

The Clerk of Court is further directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 12th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4